BEFORE THE SECOND DIVISION, MAY 18, 1959

**No. 63080.**—Pistorino & Co., Inc. *v.* United States, protests 305816–K, etc. (Boston).

FORD, Judge: The merchandise covered by the seven protests which have been consolidated for the purpose of trial is described on the invoices as "silk waste frisonettes," assessed with duty at 35 per centum ad valorem under paragraph 1201 of the Tariff Act of 1930, which provides as follows:

Silk partially manufactured, including total or partial degumming other than in the reeling process, from raw silk, waste silk, or cocoons, and silk noils exceeding two inches in length; all the foregoing, if not twisted or spun, 35 per centum ad valorem.

Plaintiff contends the imported frisonettes have not been partially or wholly degummed other than in the reeling process and are, consequently, entitled to entry free of duty as silk waste under the provisions of paragraph 1762, Tariff Act of 1930, which provides as follows:

Silk cocoons and silk waste.

The issue thus presented to the court is whether the involved frisonettes have been degummed or partially degummed and, if either has taken place, did it occur in the reeling process or at some other point. The evidence in this case consists of the testimony of four witnesses called on behalf of plaintiff and three witnesses called on behalf of the defendant, as well as numerous exhibits.

It would appear that all the commercial witnesses agree, or at least refer to the merchandise at bar, as silk waste produced from unreelable cocoons or broken and twisted fibers. The record also establishes that merchandise of the type involved herein is produced in various European and Asian countries, the production of each country varying as to the cleanliness of the product. Merchandise of this type produced in Japan is known as "bisu," rather than frisonettes. The commercial witnesses on behalf of both parties have testified that merchandise such as is involved herein is produced in at least three grades, each in a different degree of cleanliness.

The record is barren as to any evidence relating to the production of the involved frisonettes in Italy. In fact, it would appear that the importer is the only witness who has ever handled Italian frisonettes commercially. Generally, the record establishes that cocoons are placed in warm or boiling water, which loosens the fibers and removes some of the gum and dirt so that the operators may find the end of the fiber in order to reel it. Any unreelable fibers or twisted or broken fibers are left in the water until the reeling process has been accomplished. Normally, these leftovers are then removed, dried, and sold as frisonettes.

The commercial witnesses who testified on behalf of both parties all arrived at their respective conclusions as to whether the involved merchandise had or had not been degummed or partially degummed in the reeling process, as a result of visual inspection, the feel of the merchandise, and/or the smell. The three commercial witnesses called on behalf of plaintiff testified that the imported

frisonettes were not degummed or partially degummed in other than a reeling process, while the two commercial witnesses called on behalf of the defendant were of the opinion that partial degumming had taken place, other than in the reeling process. The exception to this was that samples contained in plaintiff's exhibits 3 and 4, covered by protest 305818–K, were, in their opinion, partially degummed in the reeling process. Accordingly, defendant in its brief asks that protest 305818–K be sustained. Counsel for defendant in its brief makes the following concessions and statements which brings us to the nub of this action:

If the frisonettes were imported in their condition as taken from the water after the reeling process (except for drying) they would be properly dutiable as silk waste. If, however, they were further degummed after they were taken from the water they would be silk partially manufactured, including partial degumming other than in the reeling process.

From the foregoing and the record, we are of the opinion that the involved frisonettes are silk wastes originally resulting from the reeling process. With respect to protest 305818–K, since all witnesses agree that the merchandise has not been partially degummed other than in a reeling process, said protest is sustained. However, with respect to the remaining protests, since there is no unanimity of opinion and in view of the lack of evidence as to what steps were taken, if any, after this process, except for drying, we must overrule said protests, since plaintiff has failed to overcome the presumption of correctness attaching to the collector's classification. *United States* v. *G. Klein & Sons,* 42 C.C.P.A. (Customs) 73, C.A.D. 574. Had such evidence been adduced with respect to the process utilized by the exporter herein, the court might well have reached a different conclusion. Judgment will be rendered accordingly.